UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODOLFO VAZQUEZ GARCIA,

　　　　　　　　Petitioner,

　　v.

BRUCE SCOTT, et. al.,

　　　　　　　　Respondents.

Case No.  2:26-cv-01430-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.　INTRODUCTION AND BACKGROUND

Petitioner Rodolfo Vazquez Garcia, a 30-year-old citizen of Mexico, entered the United States without inspection at some point after November 29, 2013, when the government last allowed him to voluntarily return to Mexico from the United States. Dkt. 7-2 at 3. On May 28, 2025, officers for Immigration and Customs Enforcement ("ICE") arrested Petitioner in Chehalis, Washington, and transported him to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he has been detained for over one year. *Id*. Other than traffic-related offenses, Petitioner has no criminal history. According to his I-213 form, Petitioner claims to have three children who are U.S. citizens. *Id*.

On June 18, 2025, Petitioner had a bond hearing before an immigration judge ("IJ") who denied bond after finding Petitioner was subject to mandatory detention pursuant to 8 U.S.C.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

§§ 1225(b)(1), (b)(2)(A).  Dkt. 7-3 at 2. In the alternative, the IJ found that if she had jurisdiction, she would deny bond because Petitioner "is a significant Flight Risk and a Danger to the Community." *Id*. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").  On February 18, 2026, the BIA upheld the IJ's decision solely on the first ground, that the IJ lacked jurisdiction to grant bond because detention was mandatory. Dkt. 7-4 at 2. The BIA expressly declined to reach the IJ's alternate basis for detention, i.e., that Petitioner is a flight risk and danger to the community.  *Id*. at n.1.

On April 20, 2026, Petitioner filed this petition for writ of habeas corpus. Dkt. 1. On May 7, the Court ordered Petitioner to show cause why the petition should not be dismissed because Petitioner had failed to name the warden of NWIPC as a respondent. Dkt. 4. It is necessary to name the warden in a habeas petition to give the district court power to review the petition. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). On May 11, Respondents filed a return to the habeas petition, arguing that Petitioner is legally detained under 8 U.S.C. § 1225(b). Dkt. 6 at 4–5. Respondents did not argue, nor mention, the IJ's alternate finding that Petitioner is a flight risk and danger to the community. *Id*. On May 18, Petitioner responded to the Court's May 7th Order and named Bruce Scott, warden of NWIPC, as a respondent. Dkt. 7. The habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner used a form petition to present his arguments in favor of habeas relief. *See* Dkt. 1. That form petition is not well-suited to the facts of this case. Nonetheless, although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, his case falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point after November 29, 2013, Petitioner re-entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See* Dkt. 7-2 at 3. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336. Since he is a class

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

member, this Court has already determined that Petitioner is subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).

Respondents similarly have filed a quasi-boilerplate response that scarcely addresses the facts of this case. Respondents repeat the same argument that the Court rejected in *Rodriguez Vazquez*—that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 6 at 3–4. Respondents state: "If the Court were to grant the habeas [sic], the appropriate relief is not release. Rather, this Court should order the Immigration Judge to provide Petitioner a bond hearing pursuant to 8 U.S.C. §1226(a), consistent with the Court's judgement [sic] in *Rodriguez*, 802 F. Supp. 3d at 1336." *Id.* at 5.

Respondents do not argue that the petition should be denied based on the IJ's alternate finding of flight risk or a danger to the community. Petitioner challenged those findings before the BIA, but the BIA chose to affirm the IJ's denial of bond solely on the mandatory detention ground. Dkt. 7-4 at 2. That is the only basis for detention before the Court, and this Court has already concluded in *Rodriguez Vazquez* that it violates the INA. Petitioner is therefore entitled to habeas relief in the form of a new bond hearing consistent with § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36; 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Rodolfo Vazquez Garcia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

4.      Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner at his last known address.

Dated this 15th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5