UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODOLFO VAZQUEZ GARCIA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, et. al.,<br>Respondents. | Case No. 2:26-cv-01430-TMC<br><br>ORDER GRANTING MOTION TO SUBMIT SUPPLEMENTAL EVIDENCE AND DENYING MOTION FOR RECONSIDERATION AND SANCTIONS |

## I. ORDER

On June 15, 2026, this Court granted Petitioner's petition for writ of habeas corpus after determining that Petitioner is a member of the Bond Denial Class in *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), aff'd sub nom. *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Dkt. 10. The Court ordered Respondents to either release Petitioner or to provide him a bond hearing within 14 days of receiving his request. *Id*. at 4.

On June 25, Petitioner requested a bond hearing. Dkt. 15-1 at 2. On June 30, 2026, an Immigration Judge ("IJ") issued a written order denying the request because Petitioner had "not provide[d] any materially changed circumstances." Dkt. 18 at 6. On July 6, Petitioner filed a motion to enforce the judgment entered by the Court on June 15, arguing that Respondents had

failed to comply with the Court's order. Dkt. 12. On July 9, an IJ held an actual bond hearing but again denied Petitioner release, this time using a form on which the IJ checked a box labeled "Danger/Flight Risk." Dkt. 15-3 at 2. The IJ provided no explanation of his reasoning nor any discussion of the evidence presented by Petitioner. On July 14, the Court denied as moot Petitioner's motion to enforce the judgment because he had had a bond hearing on July 9, the fourteenth day after Respondents had received Petitioner's request. Dkt. 17.

Petitioner now files two additional motions: The first seeks to provide the Court with supplemental evidence consisting of documents issued by the IJ. Dkt. 18 at 6. Respondents do not oppose this request, and the Court will GRANT the motion and consider the documents as part of the record.

The second motion asks the Court to reconsider its prior order denying Petitioner's motion to enforce the judgment as moot. Dkt. 19 at 2. Petitioner also asks the Court to sanction Respondents for various alleged actions. *Id*. at 10. But the motion does not support either request with sufficient factual basis to meet the high standards required. Despite initially denying Petitioner's bond request without a hearing—which did not comply with the Court's order—Respondents ultimately corrected their error within the time allowed for compliance. And Petitioner does not demonstrate the type of misconduct that would warrant sanctions on Respondents. The Court therefore DENIES the motion (Dkt. 19).

Petitioner argues that the bond hearing held on July 9 was "meaningless and violates the spirit" of the Court's prior Order. Dkt. 19 at 6. The Court is aware that Petitioner has lived in this country for more than a dozen years, that he has no criminal history other than traffic-related offenses, and that he has three children who are U.S. citizens. While these facts certainly support his argument that he is neither a flight risk nor a danger to the community, the Immigration and Nationality Act gives the executive branch the power to decide in the first instance whether a

noncitizen is entitled to release on bond. If Petitioner wishes to challenge that decision, he must do so either by appealing it to the Board of Immigration Appeals ("BIA"), or by bringing a new habeas petition if he can demonstrate that appeal to the BIA would be futile. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required."). While an IJ's factual determinations are unreviewable, a district court may review an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

For the reasons explained above, the Court ORDERS as follows:

1. Petitioner's motion to provide supplemental evidence (Dkt. 18) is GRANTED.
2. Petitioner's motion for reconsideration and to impose sanctions (Dkt. 19) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner at his last known address.

Dated this 21st day of August, 2026.

Tiffany M. Cartwright
United States District Judge